**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| MARIA HART and TRACEE LE FLORE, individually and on behalf of all others similarly situated<br><br>         Plaintiffs,<br><br>vs.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>         Defendant. | Case No. 2:21-cv-44-RMG<br><br>**RULE 26(f) REPORT AND LOCAL RULE 26.03 DISCLOSURES** |

  Pursuant to the Court's Scheduling Order dated July 12, 2021, Fed. R. Civ. P. 26(f) and L.R. 26.03, counsel for Plaintiff Maria Hart ("Plaintiff") and Defendant Navy Federal Credit Union ("Navy Federal" or "Defendant," and, collectively with Navy Federal, the "Parties") voluntarily conducted a Fed. R. Civ. P. 26(f) conference on August 2, 2021, and conducted an additional meet and confer on August 16, 2021, prior to the filing of this Report. The Parties jointly submit this report pursuant to the Rules and based on information presently known to them.

  At this time, the Parties have not completed their investigation of the facts underlying this lawsuit, nor have the Parties yet engaged in discovery. Accordingly, the Report is submitted without prejudice to either party's right to amend, supplement, or change these disclosures pursuant to the Federal Rules of Civil Procedure and/or Local Rules for the District of South Carolina. The Report is also subject to correction for inadvertent errors or omissions or changed circumstances.

  The Parties also expressly reserve all objections to the use of the Report or any of the information or documents referenced herein for any purpose in this case or any other proceeding. By referring to individuals and documents in the Report, the Parties make no representations regarding the relevance or admissibility of any particular information that such individuals may possess or such

1

documents may contain. Nothing in this statement shall affect a waiver of either Party's rights to object to any future discovery requests on any basis.

I.  **Local Rule 26.03 Requirements**

   1.  **Short Statement of the Facts of the Case**

PLAINTIFF'S POSITION:

In light of the Court's Opinion and Order, Dkt. 28, Plaintiff brings this action on behalf of herself and all persons similarly situated, who reside in South Carolina or were damaged in South Carolina, against NFCU for breaching its contract by assessing Foreign Transaction Fees ("FT Fees") on transactions that were initiated in the United States. The terms to NFCU's adhesive contracts are misleading since the agreements refer to transactions "made in foreign countries" and do not indicate that FT Fees will be assessed on transaction made in consumers' homes in the United States. Plaintiff purchased a video game while in Johns Island, South Carolina and was charged a 1% FT Fee.

DEFENDANT'S POSITION:

Plaintiff asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing against Navy Federal on behalf of a now-dismissed nationwide class[1] of Navy Federal checking account holders who were charged International Service Assessment Fees ("ISAFs") on transactions made using their Navy Federal debit card with foreign merchants while the debit card holder was physically located in the United States. Plaintiff alleges that the ISAF was not authorized for this type of transaction under the Debit Card Agreement attached as Exhibit B to the First Amended Complaint, despite the provision providing that the "[ISAF] will be assessed on purchases

---

[1] Plaintiff, in her First Amended Complaint, pleaded claims on behalf of only a nationwide class, which was dismissed by this Court in its Order and Opinion based on South Carolina's Door-Closing Statute. *See* Dkt. 28. Plaintiff has not yet moved for leave to amend her complaint to plead a putative South Carolina Class. The Parties are conferring on the necessity of such amendment given the Court's ruling.

. . . as follows: Transactions made in foreign countries will be charged 1.0% of the transaction amount." Ex. B ¶ 7. Plaintiff dismissed the claims brought on behalf of her co-plaintiff Tracee Le Flore and has withdrawn her claim for punitive damages, Dkt. 22, 23.

Navy Federal *inter alia* denies liability, denies that Plaintiff has stated a claim, denies that she has pled a putative class that has not already been dismissed, and denies that any class should be certified. Navy Federal provides a more detailed discussion of the nature and background of this case in its memorandum in support of its motion to dismiss, *see* Dkt. 19-1, and Navy Federal incorporates this discussion herein by reference.

## 2. Likely Fact Witnesses and their Expected Testimony

PLAINTIFF'S POSITION:

### i. Plaintiff Maria Hart

Ms. Hart is expected to testify regarding her NFCU account; the terms of her agreements with NFCU; the assessment of FT Fees against her account for purchases made in the United States; and the damages she suffered because of NFCU's breach of contract and the implied covenant of good faith and fair dealing.

### ii. NFCU

Designated persons on behalf of NFCU are expected to testify regarding the policies, practices, and procedures of NFCU related to assessing FT Fees; the assessment of FT Fees on transactions occurring in the United States; NFCU's agreements with its checking account and debit card customers; and damages against Plaintiff and the proposed Class.

### iii. Any persons listed by Defendant

Any person listed by Defendant in this case as a fact witness likely to be called.

DEFENDANT'S POSITION:

Because discovery has not yet begun, Navy Federal cannot identify all fact witnesses likely to be called in this matter or identify their expected testimony. Navy Federal, however, identifies the following witnesses who are likely to be called by Navy Federal and the expected testimony of each such witness.

### iv.    Representatives of Navy Federal

These witnesses will likely testify regarding the policies and procedures and contracts and agreements concerning the charging of ISAFs, as well as provide information as to the instances in which ISAFs were incurred by putative class members.

### v.    Representatives of Visa Inc.

These witnesses will likely testify regarding Visa's imposition of the ISAF for transactions with foreign merchants, as well as provide information pertaining to instances in which Navy Federal customers incurred ISAFs.

### vi.    Class Members

These witnesses will likely testify regarding their allegations in the Complaint, including their understanding of the contracts and agreements and transactions for which they were charged ISAFs.

### vii.    Any persons listed by Plaintiff

Any person listed by Plaintiff in this case as a fact witness likely to be called.

### 3.    Likely Expert Witnesses and Subject Matters

The Parties have not yet identified expert witnesses but will comply with the expert disclosure deadlines set forth in the Initial Scheduling Order or any amendment thereof. Likely subject matters for expert witnesses include customer account database analysis but Plaintiff reserves the right to identify additional subject matters as discovery progresses.

Navy Federal will likely disclose expert witnesses with respect to the following subject matters and fields of expertise: (1) data analysis and interpretation; and (2) any alleged damages, if necessary.

### 4. Summary of Claims and Defenses

PLAINTIFF'S POSITION:

This consumer class action alleges claims under breach of contract and the covenant of good faith and fair dealing based on Defendant's failure to abide by its contractual obligation to assess foreign transaction fees only when the foreign transaction is initiated and occurs outside of the United States, and to the extent it had discretion on the matter, it failed to exercise that discretion in good faith. *See e.g., Wells Fargo Bank v. Stewart Title Guar. Co.*, No. CV 3:16-1296-MBS, 2016 WL 4455070 (D.S.C. Aug. 24, 2016); *Fuller v. E. Fire & Cas. Ins. Co.*, 240 S.C. 75, 124 S.E.2d 602 (1962); *In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*, 325 F.R.D. 136 (D.S.C. 2018).

DEFENDANT'S POSITION:

Navy Federal has asserted and will assert numerous defenses to Plaintiff's claims. Navy Federal incorporates herein by reference all affirmative defenses asserted in its Answer to Plaintiff's Complaint. *See* Navy Federal's Answer and Affirmative Defenses to Plaintiff's First Amended Complaint, ECF No. 32. Further, Navy Federal previously filed a motion to dismiss all claims asserted by Plaintiff and filed an initial memorandum and reply memorandum in support of their motion. *See* ECF Nos. 19-1, 27. Navy Federal incorporates herein by reference the defenses and supporting authority cited in each of these motions and memoranda. Navy Federal presently expects its defenses in this action will include *inter alia* the following:

- Failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); ECF No. 19-1 at 14-24.

- Plaintiff has not pled a viable class, as she only pleaded a putative nationwide class, which has since been dismissed by the Court. Regardless, Plaintiff cannot establish the prerequisites for representing any putative South Carolina class. Fed. R. Civ. P. 23(a), (b).

- Navy Federal is not liable to Plaintiff Hart or members of any putative class who were charged an ISAF during the relevant period for any purchase made by any means other than through the use of a Navy Federal debit card by a purchaser subject to the Debit Card Agreement attached as Exhibit B to the Amended Complaint. ECF No. 19-1 at 14-15; *Morris v. Ocwen Loan Servicing, LLC*, No. 0:16-cv-01772-JMC, 2017 WL 1035944, at *5 (D.S.C. Mar. 17, 2017).

- Plaintiff has not pleaded facts sufficient to allege a claim for breach of the implied covenant of good faith and fair dealing because such claims for non-insurance contracts are not actionable in South Carolina, to the extent South Carolina law is found to apply, and such claims are not actionable in Virginia, to the extent Virginia law is found to apply, because Virginia does not recognize them as an independent cause of action. *RoTec Servs., Inc. v. Encompass Servs. Inc.*, 597 S.E.2d 881, 884 (S.C. Ct. App. 2004); *S. Bank and Trust Co. v. Woodhouse*, 92 Va. 402, 2016 WL 9527885, at *6 (Va. May 26, 2016). Plaintiff's claims of breach of the implied covenant of good faith and fair dealing are otherwise barred because Navy Federal was acting under its contractual rights to charge ISAF for purchases made with merchants located in foreign countries, and did not do so dishonestly or in bad faith. *Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 493 S.E.2d 516, 520 (Va. 2008).

- Plaintiff's claims are barred because of their failure to mitigate damages through Navy Federal's processes for "Billing Error Resolution" and "Other Reasons for Dispute" as set out in the relevant agreement. *McCall v. IKON*, 670 S.E.2d, 695, 702 (S.C. Ct. App. 2008).

- Plaintiff's Amended Complaint is brought in an improper venue and should be dismissed or transferred pursuant to F.R.C.P. 12(b)(3), 28 U.S.C. § 1391, the first-to-file rule, and 28 U.S.C. § 1404, especially in light of the fact that her former co-plaintiff and another plaintiff from a previous near-identical putative class action in the Southern District of California have now filed a third near-identical putative class action in the Eastern District of Virginia, captioned *Morrow v. Navy Federal Credit Union*, No. 1:21-cv-00722-LO-IDD (E.D. Va. 2021). *See Scardino v. Elec. Health Res., LLC*, No. 2:14-cv-2900, 2016 WL 1321147, at *2, *7 (D.S.C. Apr. 5, 2016); *See, e.g.*, *Wenzel v. Knight*, No. 3:14-cv-432, 2015 WL 222179, at *3 (E.D. Va. 2015); *Butler v. Fluor Corp.*, No. 17-cv-02201-JMC, 2018 WL 8693487, at *4 (D.S.C. Feb. 16, 2018); *Byerson v. Equifax Info. Servs, LLC*, 467 F. Supp. 2d 627, 636 (E.D. Va. 2006).

- Plaintiff's claims are barred to the extent their alleged damages are too speculative to be recoverable at law. *Woodson v. DLI Props., LLC*, 753 S.E.2d 428, 435 (S.C. 2014).

- Plaintiff's allegations assume obligations that do not exist, are not contracted for or are outside any agreement or relationship of the parties. ECF No. 19-1 at 15; *See Cvent, Inc. v. Eventbrite, Inc.*, 739 F. Supp. 2d 927, 936 (E.D. Va. 2010).

- Plaintiff's claims are barred, in whole or part, because she and the putative class members were on notice of and consented to being charged ISAFs, including to the extent they were charged multiple ISAFs. *See Leventis v. AT&T Advert.. Sols.*, 3:11-cv-03437-CMC, 2012 WL 931081, at *5-6 (Mar. 19, 2012).

### 5. Proposed Deadlines

Plaintiff and Navy Federal both agree that the Court's Scheduling Order should be amended, especially with regards to including and providing reasonable time for Plaintiff to file a motion for

class certification. They agree that discovery need not be bifurcated for class certification and merits issues. The Parties were able to come to an agreement as to the proposed amended deadlines to the Scheduling Order, as follows:

1. <u>Rule 26(f) Conference</u>: A conference of the parties pursuant to Fed. R. Civ. P. 26(f) shall be held no later than **August 02, 2021**.[2]

2. <u>Rule 26(a)(1) Initial Disclosures</u>: No later than **August 16, 2021**, the required initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made.2

3. <u>Rule 26(f) Report</u>: No later than **August 16, 2021**, the parties shall file a Fed. R. Civ. P. 26(f) Report in the form attached to this order.3

4. <u>Mediation</u>: As part of the Rule 26(f) Report, the parties are to file the form entitled "Mediation of Cases Pending Before Judge Gergel," which is attached to the Initial Scheduling Order.

5. <u>Class Certification Motion</u>: No later than **February 16, 2022**, Plaintiff shall file and serve a motion for class certification.

6. <u>Deadline for Discovery from Plaintiff Related to Class Certification</u>: No later than **March 9, 2022**, Plaintiff shall complete discovery as to class certification, including the deposition of any Plaintiff expert.

7. <u>Class Certification Opposition</u>: No later than **March 30, 2022**, Defendant shall file and serve any opposition to class certification.

8. <u>Deadline for Discovery from Defendant Related to Class Certification</u>: No later than **April 14, 2022**, Defendant shall complete discovery as to class certification, including the deposition of any

---

[2] Plaintiff's counsel shall initiate the scheduling of the Rule 26(f) conference with all counsel known to plaintiff regardless of whether they have filed appearances. At conference, the parties shall confer concerning all matters set forth in Rule 26(f) and whether the schedule set forth in this order is appropriate and, if not, what modifications are necessary. The parties shall also consider whether they wish to consent to trial before a United States Magistrate Judge (form available on website).

Defendant expert.

9. Class Certification Reply:  No later than **April 26, 2022**, Plaintiff shall file and serve any reply in support of class certification.

10. Amendment of Pleadings: Motions to join other parties and amend the pleadings shall be filed no later than **June 1, 2022**.

11. Expert Witnesses: Parties shall file and serve a document identifying by full name, address, and telephone number each person whom they expect to call as an expert at trial and certifying that a written report prepared and signed by the expert including all information required by Fed. R. Civ. P. 26(a)(2)(B) has been disclosed to the parties by the following dates:

Plaintiff: **June 8, 2022**

Defendant: **July 8, 2022**

12. Records Custodian Witnesses: Counsel shall file and serve affidavits of records custodian witnesses proposed to be presented by affidavit at trial no later than **July 18, 2022**. Objections to such affidavits must be made within fourteen (14) days after the service of the disclosure. (See Fed. R. Evid. 803(6), 902(11), or 902(12) and Local Civil Rule 16.02(D)(3)).

13. Discovery: Discovery shall be completed no later than **August 10, 2022**. All discovery requests shall be served in time for the responses thereto to be served by this deadline. Depositions must be completed by discovery deadline. No motions relating to discovery shall be filed until counsel have consulted and attempted to resolve the matter as required by Local Civil Rule 7.02.

14. Motions in Limine: Motions in limine must be filed no later than **fifteen (15) business days prior to jury selection**.

15. Dispositive Motions and Daubert Motions: All dispositive motions and Daubert motions shall be filed on or before **September 1, 2022**.

16. <u>Pretrial Disclosures</u>: No later **than twenty-one (21) business days prior to jury selection**, the parties shall file and exchange Fed. R. Civ. P. 26(a)(3) pretrial disclosures. Within fourteen (14) days thereafter, a party shall file and exchange Fed. R. Civ. P. 26(a)(3) objections, any objections to use of a deposition designated by another party and any deposition counter-designations under Fed. R. Civ. P. 32(a)(4).

17. <u>Pretrial Briefs</u>: Parties shall furnish the Court and serve pretrial briefs **five (5) business days prior to the date set for jury selection** (Local Civil Rule 26.05). Attorneys shall meet at least five (5) business days prior to the date set for submission of pretrial briefs for the purpose of exchanging and marking all exhibits. See Local Civil Rule 26.07.

18. <u>Trial</u>: This case is subject to being called for jury selection and/or trial on or after **November 24, 2022**.

### 6.  Special Circumstances Affecting Scheduling

Defendant is seeking a stay of proceedings, which Plaintiff opposes. Plaintiff must also file a motion for class certification and the Parties believe the scheduling order should include a deadline for moving for class certification and a briefing schedule on that motion which accounts for time for discovery from class certification experts as proposed above. The Court's ruling on class certification will dictate the extent of additional merits discovery following class certification, expected to be focused on the identification of class members for class notice purposes and class-wide damages. Assuming class notice is required, time will need to be built in for the notice plan.  Therefore, they respectfully request that the Court's amended scheduling order reflect that the deadlines in paragraphs 11-13, 15, and 18 above are subject to modification by Court order, or that those deadlines not be set until the Court rules on class certification.

### II.     Rule 26(f) Report Requirements

#### 1.  Disclosures under Fed. R. Civ. P. 26(a)

The Parties are required to make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before August 16, 2021.. The Parties will complete their initial disclosures by this date.

#### 2.  Discovery Issues

PLAINTIFF'S POSITION:

Plaintiff may need discovery on the following topics: relevant disclosures and contract documents used by Defendant during the entirety of the class period; policies, practices, or procedures used to assess FT Fees; Defendant's assessment of FT Fees during the class period; potential damages during the class period; and issues relating to expert discovery.

DEFENDANT'S POSITION:

Discovery will likely be needed regarding the agreements allegedly breached as set out in Plaintiff's First Amended Complaint (Dkt. 12), policies and procedures concerning the assessment of ISAFs, information pertaining to the instances in which ISAFs were incurred by Navy Federal customers, information pertaining to Plaintiff Hart's alleged purchases that incurred ISAFs, and discovery pertaining to any putative class certification.

#### 3.  ESI

The Parties are in the process of negotiating a Stipulated ESI Protocol which they plan to submit to this Court for approval.

#### 4.  Protective Order

The Parties are in the process of negotiating any proposed modifications to the District's form Confidentiality Order.  On August 12, 2021, Plaintiff's counsel informed counsel for Navy Federal that it did not have any requested revisions to the form Order.  Navy Federal is in the process of

drafting proposed modifications for Plaintiff's consideration, which, at a minimum, would request adding language addressing the treatment of certain highly sensitive banking and other information as Attorneys Eyes Only, to the extent necessary, as well as adding in a provision addressing inadvertent disclosure of privileged material.

5. **Limitations on Discovery**

The Parties do not currently request that discovery be otherwise limited or expanded beyond the provisions of the Federal Rules of Civil Procedure and Local Civil Rules, but the Parties reserve the right to make such requests should the need arise as the discovery proceeds.

Dated: August 16, 2021

s/ David M. Wilkerson
David M. WIlkerson
Federal ID No. 7188
The Van Winkle Law Firm
11 N. Market Street
Asheville, North Carolina 28801
Telephone: 828-844-7169
Fax: 828-257-2767
dwilkerson@vwlawfirm.com

Jeffrey Ostrow*
Jonathan M. Streisfeld, *Pro Hac Vice*
KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
Fax: 954-525-4300
ostrow@kolawyers.com
streisfeld@kolawyers.com

Todd Carpenter*
Jae K Kim, *Pro Hac Vice*
CARLSON LYNCH
1350 Columbia Street. Suite 603
San Diego, CA 92101
Telephone: 619-762-1910
tcarpenter@carlsonlynch.com
ekim@carlsonlynch.com

*Counsel for Plaintiff and the Putative Class*
**(Application for Pro Hac Vice Forthcoming)*

| | |
|---|---|
| Dated:  August 16, 2021 | NELSON MULLINS RILEY & SCARBOROUGH LLP<br>By: s/ *Michael T. Cole*<br>Michael T. Cole<br>Federal Bar No. 206<br>E-Mail: mike.cole@nelsonmullins.com<br>Merritt G. Abney<br>Federal Bar 9413<br>E-Mail: merritt.abney@nelsonmullins.corn<br>Olesya V. Bracey<br>Federal Bar No. 11767<br>E-Mail: olesya.bracey@nelsonmullins.com<br>151 Meeting Street/Sixth Floor<br>Post Office Box 1806 (29402-1806)<br>Charleston, South Carolina 29401<br>(843) 853-5200<br>David E. Dukes<br>Federal Bar No. 635<br>E-Mail: david.dukes@nelsonmullins.com<br>1320 Main Street / 17th Floor<br>Post Office Box 11070 (29211-1070)<br>Columbia, SC 29201<br>(803) 799-2000<br><br>WILLKIE FARR & GALLAGHER LLP<br>Simona Agnolucci (CABN 246943), *Pro Hac Vice*<br>Nicholas Reddick (CABN 288779), *Pro Hac Vice*<br>One Front Street, 34th Floor<br>San Francisco, CA 94111<br>Telephone: (415) 858-7400<br>Facsimile: (415) 858-7599<br>E-Mail: sagnolucci@willkie.com<br>E-Mail: nreddick@willkie.com<br><br>Michael Gottlieb (DCBN 974960), *Pro Hac Vice*<br>Meryl Governski (DCBN 1023549), *Pro Hac Vice*<br>1875 K Street NW<br>Washington, DC 20006<br>Telephone: (202) 303-1442<br>Facsimile: (202) 303-2442<br>E-Mail: mgottlieb@willkie.com<br>E-Mail: mgovernski@willkie.com |

*Attorneys for Defendant Navy Federal Credit Union*