# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Maria Hart and Tracee Le Flore, individually and on behalf of all others similarly situated, | Civil Action No. 2:21-cv-0044-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| Navy Federal Credit Union, | |
| Defendant. | |

This matter is before the court on the parties Joint Motion to Transfer Venue under 28 § 1404(a). (Dkt. No. 78). For the reasons below, the court grants this Joint Motion.

## I.  Background

Plaintiffs initiated this putative class action against Defendant in this Court. (Dkt. Nos. 1, 12). Plaintiffs pled a breach of contract claim by alleging Defendant wrongfully assesses international service assessment fees on online purchases where account holders are physically in the United States and the merchants are located abroad. (Dkt. No. 12, ¶ 5). The proposed class in this action was "[a]ll holders of a Navy Federal checking account who, within the applicable statute of limitations preceding the filing of this lawsuit incurred international service assessment fees on a transaction made in the United States. (*Id.*, ¶ 45). The Court dismissed Plaintiff's claims to the extent they purport to bring claims on behalf of a national class. (Dkt. No. 28). Plaintiff's claims are now on behalf of a putative South Carolina class.

A putative nationwide class action seeking relief on identical claims against Defendant is pending in United States District Court for the Eastern District of Virginia. *Morrow v. Navy Fed. Credit. Union*, No. 1:21-cv-00722 (E.D. Va. filed June 15, 2021). That case has proceeded past

1

the motion-to-dismiss stage, and the parties now agree that transfer to the Eastern District of Virginia is appropriate because both cases involve substantially similar claims and the nationwide class in the Virginia action will subsume the putative South Carolina class here. (Dkt. No. 78 at 1).

II.   **Standard**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Federal courts must evaluate a motion to transfer on an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S. Ct. 805, 11 L.Ed.2d 945 (1964). "The party seeking a transfer under § 1404(a) bears the burden of demonstrating that a change in venue is proper." *Del Zotto v. Universal Physician Servs., LLC*, 214 F. Supp. 3d 499, 501 (D.S.C. 2016) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)).

Generally, when deciding a venue transfer request, a district court should consider "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) conveniences of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Svcs., Inc.*, 791 F.3d 736 444 (4th Cir. 2015). In harmony with the Fourth Circuit's precedent, federal district courts have also evaluated the following discretionary factors in a transfer motion:

> (1) the plaintiff's initial choice of forum; (2) relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling witnesses; (4) possibility of a view of the premises, if appropriate; (5) enforceability of the judgment, if one is obtained; (6) relative advantage and obstacles to a fair trial; (7) other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interest in having localized controversies settled at home; (10) appropriateness of having a trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflicts of laws.

*Chick v. Johnson*, No. 18-cv-00814, 2018 WL 5118499, at *3-4 (D.S.C. Oct. 19, 2018) (citing *Broadus v. Delta Air Lines, Inc.*, 101 F. Supp. 3d 554, 561-62 (M.D.N.C. 2015)). Ultimately, a transfer of venue must "promote the just and efficient process of litigation. *Chick*, 2018 WL 5118499, at *4 (citing *Fairchild Semiconductor Corp. v. Nintendo Co., Ltd.*, 810 F. Supp. 173, 175 (D.S.C. 1992)).

### III.  Discussion

Both parties stipulate that this action should be transferred to the United States District Court for the Eastern District of Virginia, Alexandria Division. (Dkt. No. 78 at 1). Transfer would promote efficiency because the pending Virginia action involves substantially similar claims to the case here and the nationwide class in the Virginia action will subsume the putative South Carolina class here. (*Compare* Dkt. No. 12 *with*, *Morrow*, No. 1:21-cv-00722, Dkt. No. 1). Additionally, Defendant is based in Vienna, Virginia, (Dkt. No. 12, ¶ 10), which means the Eastern District of Virginia is more convenient for Defendant's witnesses and document custodians. And lastly, Plaintiffs initial choice of venue does not weigh against transfer because they consent to this motion. (Dkt. No. 78). Accordingly, transferring this case to Virginia is in the interest of justice and for the convenience of the parties.

## IV. Conclusion

For the reasons above, the Court **GRANTS** the parties Joint Motion to Transfer (Dkt. No. 78). The Court **ORDERS** that this matter be **TRANSFERRED** to the United States District Court for the Eastern District of Virginia, Alexandria Division.

                                                                           s/ Richard Mark Gergel
                                                                           Richard Mark Gergel
                                                                           United States District Judge

July 25, 2022
Charleston, South Carolina